UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IN THE MATTER OF THE COMPLAINT,          **REPORT AND RECOMMENDATION**

- of -          19-CV-01158-JLS-JJM

Regina Kemp and Christopher Peacock, as Owners
and/or Owners pro hac vice or of a 1994, 22-foot
recreational vessel for Exoneration from or
Limitation of Liability,

                               Petitioners.
_____

Petitioners Regina Kemp and Christopher Peacock commenced this action on August 29, 2019, invoking the Limitation Act (also referred to as the Limitation of Liability Act), 46 U.S.C. §30501 *et seq.* to eliminate or limit their liability for a July 13, 2019 recreational boating accident on the Niagara River. Complaint [1].[1] Before the court are motions seeking various forms of relief by claimants Courtney Donahue and Sabrina Stanton, who were allegedly injured in the boating accident [4, 7]. Having reviewed the relevant submissions [4, 7, 10, 11, 16, 20, 21] and heard oral argument on May 7, 2020 [18], I recommend that the motions be denied.

## BACKGROUND

The Limitation Act provides that "the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and

---

[1]      Bracketed references are to CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination. Although the parties occasionally refer to the date of the accident as July 13, 2018, they have confirmed that the correct date is July 13, 2019.

pending freight". 46 U.S.C. §30505(a). Claims subject to this limitation are those arising from acts occurring "without the privity or knowledge of the owner". 46 U.S.C. §30505(b). "The phrase 'privity or knowledge' is a term of art meaning complicity in the fault that caused the accident." In re Complaint of Messina, 574 F.3d 119, 126 (2d Cir. 2009). Thus, the Act leaves the owner "liable for his own fault and neglect". Id.

Petitioners allege that they "properly maintained the vessel", that it "suddenly and unexpectedly struck a wave or a wake", that "[t]he incident was unforeseeable", that they "acted reasonably under the circumstances", and that the "alleged incident . . . occurred without [their] privity or knowledge". Complaint [1], ¶¶10, 12, 14, 15, 25. They have stipulated to pay into court, when directed, their interest in the boat, valued by a market appraiser at $5,000. Id., ¶27 and [1-1].

By Order dated October 7, 2019, District Judge Lawrence J. Vilardo stayed the prosecution of all other actions arising from the accident [2].[2] By Notice dated October 9, 2019, Clerk of Court Mary Loewenguth directed that all claims relating to the accident be asserted by December 9, 2019 "or be defaulted" [3]. On December 6, 2019, Stanton filed a Notice of Claim and Answer [7-1]. However, in violation of Judge Vilardo's October 7, 2019 Order staying other proceedings, Donahue commenced an action against petitioners in State of New York Supreme Court, County of Erie on November 7, 2019, and filed a copy of that pleading with this court on November 20, 2019 [4-1].[3]

---

[2]   This action was subsequently reassigned to District Judge John L. Sinatra, Jr. [12].

[3]   Whether her filing of that pleading with this court suffices as a "claim" for purposes of Fed. R. Civ. P. Supplemental Admiralty and Maritime Claims Rule ("Supplemental Rule") F(5) is a question for another day.

Donahue and Stanton seek dismissal of this action outright. In the alternative, they seek to lift the stay against state court litigation and to stay this action pending conclusion of that litigation. Finally, they seek an appraisal of the value of petitioners' interest in the vessel involved in the accident.

## DISCUSSION

**A.  Should This Action be Dismissed?**

Donahue argues that this action should "be dismissed because Petitioners['] claim and the State Court action consists of a general maritime claim that does not give rise to a federal question for purposes of removal of jurisdiction; and diversity is not a proper basis for removal where at least one of the defendants is a citizen of New York". Answer [4], p. 5, ¶8.

However, this action was not removed from state court. It was commenced before Donahue's state court action was instituted, and the fact that the accident occurred in the Niagara River creates federal admiralty jurisdiction in this court. *See* Brozyna v. Niagara Gorge Jetboating, Ltd., 2011 WL 4553100, *4 (W.D.N.Y. 2011) (admiralty jurisdiction exists over a Niagara River boating accident because "the entire Niagara River . . . is navigable as a matter of law" and "the operation of recreational boats on navigable waters bears a significant relationship to traditional maritime activity"); Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 448 (2001) (the Limitation Act "gives vessel owners the right to seek limitation of liability in federal court").

As an alternative basis for dismissal, Donahue argues that petitioners lack standing to invoke the Limitation Act because the accident occurred due to their negligence. Answer [4], p. 7, ¶¶16-17. However, the Complaint alleges that petitioners were not at fault for

the accident ([1], ¶¶8-15), and at this stage of the case, those allegations are sufficient to enable them to proceed. *See* Warth v. Seldin, 422 U.S. 490, 501 (1975) ("[f]or purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party"). Therefore, this action should not be dismissed.

**B.      Should the Stay Against State Court Litigation be Lifted?**

28 U.S.C. §1333(1) gives "district courts . . . original jurisdiction, exclusive of the courts of the States, of . . . Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled". In order to litigate their claims in state court under the "savings to suitors" clause of §1333(1), Donahue and Stanton have agreed to "(1) [w]aive any claim of res judicata and issue preclusion relevant to the issue of limited liability based upon ant state court rulings or judgments; (2) [w]aive any right to collect on any judgments based upon any state court rulings or judgments pending conclusion of this Honorable Court's limitation proceedings; and (3) [s]tipulate to this Honorable Court's jurisdiction to determine the issue of limitation of liability". Joint Stipulation [20].

In opposing the request by Donahue and Stanton to lift the stay against proceeding in state court, petitioners argue that the Joint Stipulation does not adequately protect their rights under the Limitation Act, and that lifting the stay would be judicially inefficient. Petitioners' Response [21]. I agree. While district courts "have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court", Lewis, 531 U.S. at 454, no purpose would be served by doing so at this time, since "federal courts have *exclusive* jurisdiction over proceedings under the Act". Matter of D'Onofrio General Contractor Corp., 431

F. Supp. 3d 95, 99 (E.D.N.Y. 2019) (emphasis added). "[I]n a proceeding known as a *concursus*, the district court, sitting in admiralty without a jury, determines whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the limitation fund should be distributed." Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V., 836 F.2d 750, 755 (2d Cir. 1988).

Donahue alleges in state court that the accident was due to petitioners' negligence. [4-1], ¶¶12-15. Those allegations, "if proven, would almost certainly establish the petitioner's privity or knowledge and would defeat his efforts to limit his liability under the Limitation Act". Matter of Germain, 2017 WL 4352103, *2 (N.D.N.Y.), adopted, 2017 WL 3382313 (N.D.N.Y. 2017). "The petitioner in this action is entitled to have his direct negligence addressed in the context of a federal limitation action, and it would be wasteful and duplicative to have those issues addressed first in a state court action, even if the claimant agreed that the state court ruling would not have res judicata effect on the limitation action." Id., *3.

"[F]ederal courts have a virtually unflagging obligation to exercise the jurisdiction conferred on them by Congress." Wilton v. Seven Falls Co., 515 U.S. 277, 284 (1995). Therefore, the "[r]efusal of a federal court to exercise its jurisdiction by either dismissing the claims or staying the action in favor of another court is a rare occurrence and is only done in limited circumstances that would clearly serve an important countervailing interest . . . . Such abstention by a federal court is only appropriate in narrowly circumscribed instances, such as where a federal constitutional issue might be avoided by a state court decision, where difficult questions of state law are presented that would have substantial impact on important public policy, or where federal jurisdiction has been invoked to restrain state criminal proceedings Esos Rings, Inc. v. Tokenize Inc., 2020 WL 3791474, *2 (W.D.N.Y. 2020).

Since no "important countervailing interest" justifies this court's deferring consideration of the issues raised in this Complaint pending resolution of the claims which Donahue and Stanton seek to pursue in state court, their request to lift the stay against litigation in state court should be denied at this time, without prejudice to renewal for consideration of remaining issues (if any) following conclusion of the *concursus* under the Limitation Act.

C.     **Is an Appraisal of the Vessel Warranted?**

Supplemental Rule F(7) provides that "[a]ny claimant may by motion demand that the funds deposited in court or the security given by the plaintiff be increased on the ground that they are less than the value of the plaintiff's interest in the vessel and pending freight. Thereupon the court shall cause due appraisement to be made of the value of the plaintiff's interest in the vessel and pending freight; and if the court finds that the deposit or security is either insufficient or excessive it shall order its increase or reduction".

In requesting such an appraisal, Donahue argues that she "found no remotely comparable vessels for sale or sold anywhere near the negligible value claimed by Petitioners" (Answer [4], p. 9, ¶20), and Stanton contends that "the proffered security is significantly less than appropriate". Notice of Claim and Answer [7-1], ¶15. Petitioners respond that the request is premature, noting that "claimants are contesting the value of the vessel, sight unseen . . . . In comparison, petitioners have provided an appraisal from a certified and accredited marine surveyor, Gerard Zingale . . . . Mr. Zingale's appraisal was based upon his personal inspection in the actual cash value of comparable vessels". Petitioners' Memorandum of Law [10], p. 12.[4]

---

[4]     Petitioners' reference to the Zingale appraisal is curious, because the appraisal attached to their Complaint [1-1] is from a different appraiser. Nevertheless, that appraisal states that the vessel's value is $5,000.

Again, I agree with petitioners. *See* In re Complaint of Miller Marine Services, Inc., 25 F. Supp. 3d 215, 222 (D. Conn. 2014) ("[c]laimants' motion to increase the value of the security based upon the value of the [vessel] will be denied, without prejudice to renewal by Claimants, if so advised, on the basis of evidence in an admissible form that the valuation of the [vessel] is too low").

**CONCLUSION**

For these reasons, I recommend that the motions by Donahue and Stanton [4, 7] be denied, without prejudice to renewal of their request to lift the stay against state court litigation or for an appraisal of the vessel involved in the accident. Unless otherwise ordered by District Judge Sinatra, any objections to this Report and Recommendation must be filed with the clerk of this court by August 11, 2020. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either

certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  July 28, 2020

                                            /s/ Jeremiah J. McCarthy
                                           JEREMIAH J. MCCARTHY
                                           United States Magistrate Judge