UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



———————————————————————

IN THE MATTER OF THE
COMPLAINT,

-of-

REGINA KEMP AND CHRISTOPHER
PEACOCK, as Owners and/or Owners
pro hac vice or of a 1994, 22-foot
recreational vessel for Exoneration from
or Limitation of Liability,

        Petitioners.

19-CV-1158 (JLS)

———————————————————————

## DECISION AND ORDER

Petitioners Regina Kemp and Christopher Peacock filed this action for Exoneration from or Limitation of Liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, in connection with a July 13, 2019 boating accident on the Niagara River. Dkt. 1. On January 29, 2020, this Court referred this case to United States Magistrate Judge Jeremiah M. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 13. Presently before the Court is Judge McCarthy's Report and Recommendation ("R&R") (Dkt. 22) addressing Claimants Courtney Donahue's and Sabrina Stanton's motions to dismiss and for other relief (Dkts. 4, 7).

For the reasons discussed below, the Court accepts Judge McCarthy's recommendations and denies Donahue's and Stanton's motions to dismiss.

## BACKGROUND

On August 29, 2019, Petitioners Regina Kemp and Christopher Peacock filed a complaint for Exoneration from or Limitation of Liability, regarding an alleged incident on July 13, 2019 involving a vessel operating on the Niagara River. Dkt. 1, at 1-2 ¶¶ 1-2.

On October 7, 2019, Judge Lawrence J. Vilardo[1] stayed the prosecution of all other actions arising from this incident. Dkt. 2, at 3-4. On October 9, 2019, Clerk of Court Mary Loewenguth issued a Notice of Complaint, stating that any claims relating to or contesting the petitioners' right to exoneration from or limitation of liability should be filed before December 6, 2019, or be defaulted. Dkt. 3.

On November 20, 2019, Claimant Courtney Donahue filed an answer and motion to dismiss the complaint based on lack of jurisdiction and standing. Dkt. 4. Alternatively, Donahue asked to stay the limitation of liability proceeding pending the outcome of her state court action, which she filed on November 7, 2019. Dkt. 4. On December 6, 2019, Claimant Sabrina Stanton submitted a claim and motion contesting the limitation of liability proceeding for substantially the same reasons set forth in Donahue's motion—including invoking the Saving-to-Suitors clause to deny this Court's jurisdiction over this matter, alternatively moving for an order staying the limitation action, and offering stipulations to protect the petitioners' rights to limitation of liability while the claimants litigate in state court. *See*

---

[1] This action was reassigned to Judge John L. Sinatra, Jr. on January 5, 2020. Dkt. 12.

*generally* Dkts. 7-1, 4.  Both claimants also object to the proffered security and request an independent appraisal of the subject vessel.  Dkt. 7-1, at 4-5; Dkt. 4, at 9.  Briefing on these motions was completed April 21, 2020, and oral argument before Judge McCarthy occurred on May 7, 2020.  Dkts. 10, 11, 16, 18, 20, 21.

On July 28, 2020, Judge McCarthy issued an R&R on the pending motions.  Dkt. 22.  Judge McCarthy recommended denying the motions to dismiss, denying the Claimants' proposed stipulations and requests to lift the stay against litigation in state court, and denying the motions for an appraisal.  Dkt. 22, at 1, 7.

On August 11, 2020, Claimant Sabrina Stanton filed timely objections to the R&R.  Dkt. 23.  Stanton argues that Judge McCarthy wrongly concluded that the proposed stipulations do not adequately protect the petitioners' rights and that lifting the stay would be judicially inefficient.  Dkt. 23.  Petitioners Kemp and Peacock responded on August 25, 2020.  Dkt. 25.

## DISCUSSION

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the R&R, the record in this case, the objections and responses, and the materials submitted by the parties.  Based on

that *de novo* review, the Court accepts and adopts Judge McCarthy's recommendations to deny Claimants' motions. The motions to dismiss and for other relief (Dkts. 4, 7) are denied without prejudice.

## CONCLUSION

For the reasons stated above and in the R&R, Claimants Stanton's and Donahue's motions (Dkt. 4, 7) to dismiss and for other relief are DENIED. The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of January 29, 2020, Dkt. 13.

SO ORDERED.

Dated:    October 22, 2020
          Buffalo, New York

                                    _____
                                    JOHN L. SINATRA, JR.
                                    UNITED STATES DISTRICT JUDGE